**COLUMBUS (City), Plaintiff-Appellee, v. HALL, Jr., Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5885.   Decided May 13, 1958.

Russell Leach, City Atty., Bernard T. Chupka, City Pros., Columbus, for plaintiff-appellee.

Joseph Ducey, Columbus, for defendant-appellant.

## OPINION

By BRYANT, J.

While this case has but one number in our court, it is an appeal on questions of law from the judgment of conviction upon two separate

charges in the Columbus Municipal Court. William Hall, Jr., defendant-appellant herein, had been charged with three separate violations of the traffic code of the City of Columbus (one dismissed before trial) arising out of his operation of an automobile in a westerly direction on Collins Avenue just east of Harrison Avenue in Columbus on August 4, 1957.

It appears that Collins Avenue runs east and west and Harrison Avenue runs north and south in the northwest part of the City of Columbus. It further appears that one Joseph Williams was the owner of an automobile which was parked on the north side of Collins Avenue a short distance east of the intersection with Harrison Avenue. It further appears that Hall, after quitting work, stopped on the way home to consume beer. According to the officer, who investigated the accident, Hall said he had consumed four or five beers, while at the time of the trial Hall testified that he had told the officer he had only two beers on the way home.

In any event it appears that Hall, at the time of the accident, fixed at or near the hour of midnight, had obtained an additional supply of beer and that twelve bottles of beer, unopened, were on the back seat of his car and that as he passed the parked car of Joseph Williams he sideswiped it damaging both cars and making considerable noise.

Hall says that he pulled up and stopped and got out of his car and that he remained in the vicinity for what he estimated was three minutes. He said he departed because he had misplaced his driver's license and was afraid it would work to his disadvantage.

The police officer who made the investigation quoted Hall as saying he stopped for only a matter of seconds. A man who was visiting in a house close by testified that he heard the crash, thought it might be his own car, stepped outside in time to see Hall get out and look at his car, then get back in and drive away. As this witness at first thought the crash involved his own automobile, it is reasonable to assume that he proceeded to the street expeditiously.

A stop of a few seconds is not a reasonable compliance with the statute.

It may well be that the trial court, sitting as a jury, accepted as true the account of what happened allegedly given by defendant at the time of the investigation, according to the police officer, rather than the much more favorable account given by the defendant from the witness stand at the time of the trial. Certainly the defendant could not have remained there very long if the crash, the so-called inspection and the departure all occurred in but little more time than it took a man in a neighboring house to open his door and come out on the street.

Conflicts in evidence are for the jury, or where a jury is waived, for the trial court to determine. There was evidence upon which the trial court could find as it appears to have done that while there was a stop, it was so brief as to make it impossible for anyone to ask for or obtain the name of the driver.

In Hall's defense or by way of explanation it is suggested that he found he did not have his driver's license along and thought that fact might be held against him, hence his anxiety to get away from the scene. That is neither excuse nor justification. A mere instantaneous

stop is not enough. It must continue long enough to permit the request to be made. The trial court held that it was insufficient for that purpose.

The first assignment of error in this case relates to the admission and exclusion of evidence and in our judgment is not well taken and must, therefore, be overruled.

The second assignment of error is that the judgment is against the weight of the evidence and is contrary to law. For the reasons above set forth, this assignment will be overruled in Case No. 18,148, Columbus Municipal Court, being the charge of violating Ordinance 27-139, failure to stop after an accident. However, this second assignment of error will be sustained in Case No. 18,150, Columbus Municipal Court, being the charge of violating Ordinance 27-310, changing course without safety. Not a single witness testified either that Hall did or did not change his course, either with or without safety. There is not one word or scintilla of evidence in the entire record relating to the charge. So far as appears to the contrary, Hall may have driven in a straight line and merely failed to change his course sufficiently to avoid striking the parked automobile of Joseph Williams.

For the reasons above set forth the first assignment of error will be overruled as to both cases and the second assignment of error will be overruled as to the charge of failing to stop after an accident and sustained as to the charge of changing course without safety.

PETREE, PJ, MILLER, J, concur.